McKiNNEY, J.,
delivered the opinion of the court.
This is a writ of error brought to reverse a decree in chancery, and sought to be prosecuted under the Act of 1811, ch. 72, § 12, by filing a certified transcript of the record with the clerk of this court. A preliminary question of practice is submitted for our determination, arising upon the following state of facts. At the May Term, 1851, Miller & Woods obtained a decr.ee against Huff & Wallin for five hundred and eighty dollars and ninety cents besides costs. On the 13th of May, 1852, before the expiration of twelve months from the rendition of the decree, a transcript of the record was filed in this court.
After the final decree, but before the filing of the record with the clerk of this court, Wallin, one of the defendants, died; and his administrator seeks to join with Huff, the surviving defendant, in the prosecution *86 of this writ of error, without haying taken any other step than merely to join in filing the record, and in the execution of the bond for the prosecution of the writ of error. And the question is, can he be allowed to do so? We think not.
The right of the administrator of Wallin to prosecute a writ of error to reverse the decree against his intestate, if erroneous, cannot be questioned. But, under the circumstances of this case, a different practice must be adopted from that required, by the Act of 1811, were the party himself living, and applying for the writ of error.
We know of no settled practice in this court, in a case like the present; -and in establishing a rule of future practice it seems to us proper, and indispensable, that the ' death of Wallin should be first suggested to the court, and proved; and that, thereupon, a scire facias should be awarded, at the instance of the administrator, uniting the twofold office of a scire facias to revive the decree against the administrator, and a scire facias ad cmdAenckim errores. And this course the administrator may pursue in the present case. Should he decline to do so, there can be no doubt of the right of Huff, upon the suggestion of Wallin’s death, since the decree was rendered, to prosecute the writ of error alone. It is unquestionably true, that where a joint judgment is rendered against several persons, the writ of error, to reverse such judgment, must be brought jointly in the names of all the parties, if living. If some refuse to join in the prosecution of the writ of error, they must be summoned, and served, before the others can proceed alone. 4 Verger 148; Tidds’ Prac. *87 But if, after judgment, one of the parties should die, it seems that the survivor may bring a writ of error. 3 Bl. Com., 407, note 3; 1 Stra., 234.